IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DONALD-WAYNE RICARD, Beneficiary, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250142N |
| | ) | |
| v. | ) | |
| | ) | |
| KLAMATH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed the real market value (RMV) and maximum assessed value (MAV) of property identified as Account 396388 (subject property) for the 2023-24 and 2024-25 tax years. (Compl at 1.) The procedural history of this case is unusual due to the number of motions filed by Plaintiff, resulting in the following court orders incorporated into this Decision by reference: Order Denying Default, Granting Site Inspection, entered May 19, 2025; Order Denying Motion to Quash and Motion for Reconsideration, entered July 9, 2025; Order Denying Plaintiff's Motion to Disqualify Presiding Magistrate Allison R. Boomer, entered September 4, 2025; and Order Setting Schedule, entered September 19, 2025. The last order set forth the parties' positions as of the case management conference held September 17, 2025, and set a schedule for the parties to submit evidence to the court. This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiff objects to the "unreasonable increase" in the subject property's value after the 2022-23 tax year. (*See* Compl at 1.) The subject property's assessment history is as follows:

| | 2022-23 tax year | 2023-24 tax year | 2024-25 tax year |
|---|---|---|---|
| **Land RMV** | $13,880 | $26,660 | $28,330 |
| **Improvements RMV** | $0 | $132,470 | $123,920 |
| **Total RMV** | $13,880 | $159,130 | $152,250 |
| **MAV** | $6,070 | $70,300 | $72,400 |

(Ptf's Resp at Exs 2-4, Apr 23, 2025.)  On Defendant's recommendation, the Property Value Appeals Board reduced the subject property's 2024-25 improvements value to $59,970 for a total RMV of $88,300.  (*Id.* at Exs 7-8.)  It sustained the 2024-25 MAV.  (*Id.*)

For the years at issue, Defendant originally valued the subject property improvement as a dwelling.  (Or Set Sched at 1.)  Plaintiff maintains that it was, instead, a shed that had existed since his purchase of the subject property in 2016.  (*See id.*)  He claims that the shed had no value.  (*Id.*)  Plaintiff alleged that he removed the shed in "late 2023."  (*Id.*)  Plaintiff requests a total RMV of $10,000 for the subject property.  (Compl at 1.)

The court ordered a site inspection at Defendant's request, but Plaintiff did not comply, and Defendant abandoned its request.  (*See* Or Deny Default, Gtg Site Inspect; Or Set Sched.)  Nevertheless, Defendant now accepts Plaintiff's claim that the subject property improvement was a shed rather than a dwelling.  (*See* Def's Proposed Changes for 2023, 2024 & 2025, Sep 29, 2025.)  Defendant proposed the following values for the 2023-24 and 2024-25 years:

|  | **2023-24 tax year** | **2024-25 tax year** |
|---|---|---|
| **Land RMV** | $16,660 | $18,330 |
| **Onsite developments** | $0 | $0 |
| **Improvements RMV** | $12,760 | $14,674 |
| **Total RMV** | $29,420 | $33,004 |
| **MAV** | $11,990 | $12,349 |

(*Id.* at 2.)  Defendant proposed revised values for the 2025-26 tax year, but they are contingent upon Plaintiff filing an "Application for Reduction of Maximum Assessed Value of Demolished or Removed Buildings."  (*Id.* at 1.)  The 2025-26 tax year is not pending before the court.

Plaintiff responded that, "for all years in question it would be great if there was no greater increase then 3% per year due to the fact there were no changes from the year 2016-2023 when I tore the shed down."  (Ptf's Resp at 1, Oct 14, 2025.)  For evidence in support of his position, Plaintiff included the subject property's 2023-24 property tax statement.  (*Id*. at 2.)  Regarding

that property tax statement, Plaintiff explained "you should need no more evidence than that to make an unbiased ruling." (*Id*. at 1.)

## II. ANALYSIS

The issue before the court is the RMV and MAV of the subject property for the 2023-24 and 2024-25 tax years. RMV is defined as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205(1).[1] The assessment date for the 2023-24 tax year was January 1, 2023, and the assessment date for the 2024-25 tax year was January 1, 2024. *See* ORS 308.007; 308.210. Real market value "shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue[.]" ORS 308.205(2). The department requires consideration of three approaches to value: the cost approach; the sales comparison approach; and the income approach. Oregon Administrative Rule (OAR) 150-308-0240(2)(a). MAV is determined in accordance with ORS 308.146. It increases by no more than three percent per year unless there is an exception, such as the addition of new property or new improvements to property. *Id.*

Plaintiff bears the burden of proof by a preponderance of the evidence, which means "the greater weight of evidence, the more convincing evidence." ORS 305.427; *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). "[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002). "Competent evidence includes appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021. The 2023 version of the ORS is applicable for the 2024-25 tax year, but the relevant provisions cited here were unchanged from the 2021 version.

professionals such as appraisers, real estate agents, and licensed brokers." *Danielson v. Multnomah County Assessor,* TC-MD 110300D, 2012 WL 879285 at *4 (Or Tax M Div, Mar 13, 2012). The court has jurisdiction to determine the "correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412.

Plaintiff has presented no competent evidence to support an RMV of $10,000 for either tax year at issue. Plaintiff stated that he removed the shed in late 2023 but presented no evidence to support that allegation beyond his statement.[2] Even if the court accepted Plaintiff's statement that he removed the shed, it existed as of the January 1, 2023, assessment date for the 2023-24 tax year. Ordinarily, the court would deny Plaintiff's appeal based on his failure to meet the burden of proof. Here, however, Defendant has proposed value reductions for the two tax years at issue that are favorable to Plaintiff. The court accepts Defendant's proposed values.

### III. CONCLUSION

Upon careful consideration, the court finds that Plaintiff failed to meet his burden of proof. However, the court accepts Defendant's proposed value reductions for the 2023-24 and 2024-25 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that, for the 2023-24 tax year, the RMV of property identified as Account 396388 was $29,420 and its MAV was $11,990.

/ / /

/ / /

/ / /

/ / /

---

[2] A taxpayer who believes taxes have been imposed on nonexistent property may file a petition with the county assessor seeking a correction. *See* ORS 311.234.

IT IS FURTHER DECIDED that, for the 2024-25 tax year, the RMV of property identified as Account 396388 was $33,004 and its MAV was $12,349.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on December 16, 2025.*